# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS V. LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01112-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 4<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     Background**

　　Plaintiff Cornelius V. Lee ("Plaintiff") is prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 20, 2012, Plaintiff filed his Complaint in the Central District of California. On July 5, 2012, the action was transferred to this Court, and is presently before the Court for screening. ECF No. 4.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, at the time these events occurred. Plaintiff names as Defendants Matthew Cate, secretary of CDCR, and S. Tallerico, correctional counselor II.

Plaintiff alleges the following. Plaintiff complains that Title 15 of the California Code of Regulations, section 3004 does not provide for equal treatment for inmates who are lesbian, gay, bisexual, transgender, questioning, and intersex.[1] Plaintiff had to become violent against inmate predators in order to protect himself because CDCR and Defendant Cate do not correct this deficiency in Title 15.

Plaintiff filed an inmate grievance regarding this matter, which Defendant S. Tallerico denied as outside the scope of the appeals office. Plaintiff contends a violation of his First Amendment right to freedom of expression. Plaintiff requests as relief: a declaration that section 3004 is unconstitutional, Defendant Cate be ordered to add sexuality to section 3004, and monetary damages.

## III.  Analysis

"[A] prisoner inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). A regulation that impinges on First Amendment rights

---

[1] Section 3004, Rights and Respect of Others provides with regards to discrimination, "Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap."

"is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Plaintiff fails to state a claim. Plaintiff contends that Defendant Cate is violating Plaintiff's right to freedom of expression. However, Plaintiff has failed to allege facts which demonstrate that this occurs because of Defendant Cate's conduct. There are no allegations that indicate Defendant Cate impedes Plaintiff's expression of his homosexuality.

Plaintiff also alleges that Defendant Cate acted with deliberate indifference by failing to change Section 3004, which the Court construes as an Eighth Amendment claim. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

While Plaintiff alleges that he has been forced to defend himself from other inmates who prey on Plaintiff because of his homosexuality, Plaintiff alleges no facts which indicate that Defendant Cate knew of any such dangers to Plaintiff.[2]

Plaintiff also alleges that Defendants denied Plaintiff equal protection. The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). Plaintiff fails to state a claim. Plaintiff alleges no facts which indicate that Defendants Cate or Tallerico are treating Plaintiff differently from other similarly situated people.

---

[2] Additionally, Title 15, Section 3004 of the California Code of Regulations is merely a description of the type of behavior expected of inmates, parolees, and employees. While there is no explicit mention of sexuality with regards to discrimination, other provisions of Section 3004 include inmates, parolees, and employees treating each other "respectfully, impartially, and fairly," and that they "will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence."

Plaintiff also fails to state a claim against Defendant Tallerico regarding denial of Plaintiff's inmate grievance. Actions solely involved in the grievance process do not state a claim because inmates are not entitled to a specific inmate grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

**IV.     Conclusion and Recommendation**

Plaintiff fails to state a claim against any Defendants. The Court does not find that Plaintiff can cure the deficiencies identified. Accordingly, leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2013**                                 /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE